IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
|    Plaintiff | * | |
|       v | * | Civil Action No. DKC-16-1218 |
| CAROLYN V. COLVIN, | * | |
|    Defendant | * | |

***

## MEMORANDUM OPINION

The above-captioned complaint[1] was filed on April 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis shall be granted. The facts and arguments in this case follow:

3. Federal Question:

If social security is entitlement, none discretionary; then there is no discretion; i.e. no choice from liberty; as Court ruled in *Obergefell v. Hodges* (2016) in Liberty there is choice;

If there is no choice form liberty, there is no liberty, then it's a mandate; then could Social Security Administration deny SSDI without probable cause? If SSA could not deny SSDI without probable cause, when ALJ form Office of Disability Adjudication and Review; part of SSA; denied plaintiff SSDI in Nov of 2011; saying "evidence is scant"; did it meet "probable cause" threshold?

4. Facts of the Case are:

Plaintiff now adapts United States District Court for Maryland Civil Case No. SAG-15-1453 and TDC-15-1453; as if its written in;

In it, ALJ from OAR part of SSA ruled, evidence is scant for SSDI in Nov. 2011; resulting aforesaid 15-1453....

---

[1] Plaintiff previously filed for review of the denial of social security benefits. *See* Civil Action No. TDC-15-1453. The Court found that Plaintiff failed to exhaust his administrative remedies and the case was closed on January 8, 2016. ECF Nos. 17 & 20. Plaintiff's dissatisfaction with that result does not permit him to institute a new civil case regarding those issues.

> 6. Argument of the cases are:
>
> Case laws carry equal power to legislated laws; per Constitution. Any law to breach it there must be probable cause, i.e. warrantless search; then in the face of Entitlement, issue is denial via probable cause.
>
> Plaintiff now adapts United States District Court for Maryland Civil Case No. SAG-15-1453, and TDC-15-1453; [15-1453] as if its written in;
>
> In 15-1453; SSA through Office of United States Attorney, admitted and stipulated, ALJ Ruled in denial because scant evidence.
>
> Given thus, Plaintiff argues, SSA did not meet Entitlement threshold; of denial via probable cause. Because scant evidence is probable cause, therefore, ALJ ruled improperly.

*Id*., pp. 2-3.

For relief Plaintiff seeks damages in the "amount [he] is entitled" plus punitive damages of 100 times and "[a]n injunction ordering denial of SSDI." *Id*., p. 3.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leek*e, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.


Date:   June 3, 2016                           /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge